UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*ELECTRONICALLY FILED*

| | |
|---|---|
| JOANNE BARROWS and SUSAN HAGOOD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HUMANA INC.,<br><br>Defendant. | Case No. 3:23-cv-00654-RGJ |

**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE EXHIBITS CONTAINING PROTECTED HEALTH INFORMATION UNDER SEAL**

Defendant Humana Inc. ("Defendant" or "Humana") requests that this Court permanently seal the redacted portions of R. 40-2, R. 40-3, R. 40-4, R. 40-5, R. 40-6, and R 40-7, as well as the unredacted versions of those exhibits, which are being filed along with this motion. As described in further detail below, the redacted portions of these documents contain Protected Health Information ("PHI") that should be sealed.

First, R. 40-2 is an April 17, 2024 decision from a U.S. Department of Health and Humana Services Administrative Law Judge ("ALJ"), which upholds Humana's determination that Plaintiff Balani's inpatient rehabilitation facility ("IRF") care was not eligible for Medicare coverage (Exhibit 3). Second, R. 40-3 includes two determination letters issued by a Quality Improvement Organization ("QIO") on Ms. Kohl's Level 1 appeals (dated January 6, 2023 and March 3, 2023) that similarly upheld Humana's determination that Plaintiff Kohl's continued SNF care was no

longer eligible for Medicare coverage (Exhibit 4). Third, R. 40-4 includes three QIO determinations related to Plaintiff Merkley's appeals: a Level 2 determination issued on January 10, 2024, and a Level 1 determination issued on March 13, 2024, which both upheld Humana's determination to end coverage for Plaintiff Merkley's SNF services, and a second Level 2 appeal, dated March 18, 2024, which overturned Humana's March 11, 2024 coverage determination. (Exhibit 5). Fourth, R. 40-5 includes seven notices of Medicare Non-Coverage issued to the named Plaintiffs that correspond to the appeals referenced in Humana's motion to dismiss: Plaintiff Barrows on December 9, 2021, Plaintiff Hagood on November 11, 2022, Plaintiff Merkley on January 5, 2024 and March 11, 2024, Plaintiff Kohl on January 4, 2023 and March 3, 2023, and Plaintiff Balani on December 7, 2023. (Exhibit 6). Fifth, R. 40-6 is Humana's determination letter, granting Plaintiff Kohl's direct appeal on February 27, 2023. (Exhibit 7). Finally, R. 40-7 includes QIO determinations dated December 8, 2023, December 13, 2023, December 16, 2023, December 21, 2023, December 23, 2023, December 29, 2023, February 15, 2024, February 21, 2024, February 27, 2024, and March 7, 2024 which overturned Humana's denial of coverage for SNF benefits. (Exhibit 8). The redactions in each of these documents contain sensitive PHI, as that term is defined under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). On June 4, 2024, Defendant's counsel conferred with Plaintiffs' counsel regarding this motion, and Plaintiffs' counsel communicated that Plaintiffs do not oppose the relief sought by this motion.

      The Sixth Circuit has recognized "a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). A party seeking to seal a record filed with the court must show "a compelling reason why certain

documents or portions thereof should be sealed" and that "the seal itself [is] narrowly tailored to serve that reason." *Shane Grp.*, 825 F.3d at 305.

This standard is not insurmountable—courts in this district have found that HIPAA's protections for PHI present a compelling reason to seal records that outweighs the public's right to disclosure. *See, e.g.*, *Select Rehab., LLC v. EmpowerMe Rehab. Ky. LLC*, 2022 WL 7579043, at *2 (W.D. Ky. Oct. 13, 2022) ("Select's interest in redacting the transcript is premised upon the protection of personal health information; *the interest outweighs the public's interest in accessing those aspects of the transcript*; and the request is tailored to only the identified personal health information." (emphasis added)); *Fausz v. NPAS, Inc.*, 2017 WL 956597, at *3 (W.D. Ky. Mar. 10, 2017) (granting motion to seal exhibits containing PHI). Other courts applying the Sixth Circuit's sealing standards have reached the same conclusion. *See, e.g.*, *Hines v. Humana Ins. Co.*, 2023 WL 2562723, at *2 (S.D. Ohio Mar. 17, 2023) ("The Court agrees with defendant's contention that 'the medical records (and references thereto) contain private health information of the Plaintiff and a third-party to this action' and '[t]heir interest in protecting their private health information outweighs the public's interest in open access.'"); *Frohn v. Globe Life & Accident Ins. Co.*, 2022 WL 1555104, at *1 (S.D. Ohio May 17, 2022) (courts applying the Sixth Circuit's standard "have recognized a person's interest in the privacy of their health information as a legitimate basis for sealing."); *Patel v. Aetna*, 2018 WL 2268147, at *1 (S.D. Ohio Apr. 3, 2018).

These decisions are entirely consistent with *Shane Group*. That case recognized that where information is "required by statute to be maintained in confidence," that "is typically enough to overcome the presumption of access." *Shane Gp.*, 825 F.3d at 308. HIPAA plainly clears that bar. *See, e.g.*, *Frohn*, 2022 WL 214553, at *2 ("HIPAA's Privacy Rules specifically provide that a

person's individually identifiable health information remains protected for 50 years following the individual's death." (citing 45 C.F.R. § 160.103)).

Here, Humana simply asks this Court to allow the redacted portions of both documents (along with the unredacted versions of those documents) to remain permanently under seal. The redacted portions of Exhibits 3 through 8 contain Plaintiffs' medical histories, dates of service, birth dates, health insurance information, and other protected health information. This PHI is covered by HIPAA's privacy protections for "[i]ndividually identifiable health information is information" that "(1) [i]s created or received by a health care provider [or] health plan" and "(2) [r]elates to the past… physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual." 45 C.F.R. § 106.103. Thus, this information should remain permanently sealed.

        Respectfully submitted,

        */s/ Michael P. Abate*
        Michael P. Abate
        Burt Anthony Stinson
        KAPLAN JOHNSON ABATE & BIRD LLP
        710 West Main Street, 4th Floor
        Louisville, KY 40202
        Telephone: 502-416-1630
        Facsimile: 502-540-8282
        E-mail: mabate@kaplanjohnsonlaw.com
        E-mail: cstinson@kaplanjohnsonlaw.com

        Kevin D. Feder
        Jason Yan
        Gillian M. Mak
        O'MELVENY & MYERS LLP
        1625 Eye Street NW, 12061
        Washington, DC 20006
        Telephone:  202-383-5164
        Facsimile: 202-383-5414
        E-mail: kfeder@omm.com
        E-mail: jyan@omm.com
        E-mail: gmak@omm.com

*Counsel for Defendant Humana Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2023, the foregoing was filed via the Court's electronic filing system, which will automatically send notice of such filing to all counsel of record.

> */s/ Michael P. Abate*
> *Counsel for Defendant Humana Inc.*