**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

*ELECTRONICALLY FILED*

| | |
|---|---|
| ESTATE OF JOANNE BARROWS, SUSAN HAGOOD, SHARON MERKLEY, LORRAINE KOHL, and DOLLY BALANI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HUMANA INC.,<br><br>Defendant. | Civil Action No. 3:23-cv-00654-RGJ-CHL |

**RULE 26(f) JOINT STATUS REPORT AND**
**PROPOSED DISCOVERY PLAN**

Glenn A. Danas *(pro hac vice)*
Ryan J. Clarkson *(pro hac vice)*
Zarrina Ozari *(pro hac vice)*
Michael A. Boelter *(pro hac vice)*
CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone: 213-788-4050
rclarkson@clarksonlawfirm.com
gdanas@clarksonlawfirm.com
zozari@clarksonlawfirm.com
mboelter@clarksonlawfirm.com

Gary M. Klinger
MILBERG COLEMAN PHILLIPS GROSSMAN PLLC
227 W. Monroe Street, Suite 2100
Chicago IL 60606
Telephone: 866-252-0878
gklinger@milberg.com

*Attorneys for Plaintiffs*

Kevin D. Feder *(pro hac vice)*
Jason Yan *(pro hac vice)*
Gillian Mak *(pro hac vice)*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
Telephone: 202-383-5164
kfeder@omm.com
jyan@omm.com
gmak@omm.com

Michael P. Abate
Burt Anthony Stinson
KAPLAN JOHNSON ABATE & BIRD LLP
710 West Main Street,
4th Floor
Louisville, KY 40202
Telephone: 502-416-1630
mabate@kaplanjohnsonlaw.com
cstinson@kaplanjohnsonlaw.com

*Attorneys for Defendant Humana Inc.*

Pursuant to Federal Rules of Civil Procedure 16(b)(2) and 26(f), the Joint Local Rules of Civil Practice ("Local Rules"), and this Court's Order dated August 25, 2025 ("Order") (ECF No. 86), Defendant Humana Inc. ("Defendant") and Plaintiffs the Estate of Joanne Barrows, Susan Hagood, Sharon Merkley, Lorraine Kohl, and Dolly Balani ("Plaintiffs," and together with Defendant, the "Parties") hereby submit this Rule 26(f) Joint Status Report and Proposed Discovery Plan through undersigned counsel.

The Parties conducted their Rule 26(f) conference by telephone/videoconference on September 15, 2025.[1] Defendant's counsel Kevin Feder, Samuel Lehman, Gillian Mak, and Michael Abate and Plaintiffs' counsel John Whitfield, Michael Boelter, Gary Klinger, and James Guilfoyle attended the conference. At the Rule 26(f) conference, the Parties discussed the topics required pursuant to Rule 26(f), the Local Rules, and the Court's Order. The Parties' respective positions regarding each topic are set forth in detail below. The Rule 16 case management conference is set for October 2, 2025.

### I.     STATEMENT OF THE CASE

Plaintiffs filed this putative nationwide class action against Defendant on December 12, 2023 (ECF No. 1). In their First Amended Complaint ("FAC"), filed on April 22, 2024 (ECF No. 37), Plaintiffs alleged that they were each enrolled in Humana Medicare Advantage plans and that Humana improperly delegated claims review for certain "post-acute care" claims to an AI tool, and brought seven state statutory and common law claims against Defendant. In its August 15, 2025 Memorandum Opinion & Order (ECF No. 82), the Court dismissed Plaintiffs' statutory claims and permitted four state common law counts—breach of contract, breach of the

---

[1] The Court's Order requires the Parties to submit their joint status report and proposed discovery plan within ten (10) days of the Rule 26(f) conference. ECF No. 86 at 2.

implied covenant of good faith and fair dealing, unjust enrichment, and common law fraud—to proceed to discovery.

    **A.**    **Plaintiffs' Statement**

Plaintiffs allege that Humana improperly delegates its health insurance claims review function for post-acute care to an AI tool called nH Predict. According to the First Amended Complaint, Humana uses nH Predict to make claims determinations for post-acute care claims (such as inpatient rehab and skilled nursing care) within its Medicare Advantage plans. The nH Predict tool fabricates an estimated amount of time a patient should require care by examining surface-level patient demographic information and comparing the patient to other previous claimants with similar demographic information. Humana's coverage determinations are not based on the facts, circumstances, and medical recommendations of the individual, but instead on the past data of other patients. In making these determinations, Humana fails to conduct any individualized or holistic review of the merits of the patients' claims. Additionally, Humana does not use nH Predict as merely a part of their claims determination process, but as the primary deciding factor in how much care a patient receives. Although Humana's contracts require that only physicians make medical necessity determinations, the entity Humana contracts its post-acute care claims review out to forces its registered nurse and physician claims review employees to adhere precisely to the determination issued by nH Predict and do not afford them autonomy to make determinations based on the merits of the claims. Plaintiffs challenge the use of this flawed tool to make coverage determinations.

    **B.**    **Defendant's Statement**

The factual foundation for Plaintiffs' remaining common law claims is their allegation that Humana uses an artificial intelligence model, nH Predict, "in place of real doctors," "to summarily deny elderly patients care owed to them under Medicare Advantage Plans." Plaintiffs' allegations

are categorically false: Humana did *not* use nH Predict to make adverse coverage determinations. Instead, as discovery will establish, any determinations to deny post-acute care coverage are made on an individualized basis, by physician Medical Directors—not artificial intelligence—and based solely on the applicable Medicare coverage criteria.

Further, Plaintiffs' claims are fundamentally incompatible with class certification under Rule 23. Setting aside the faulty factual premise for Plaintiffs' suit, the nationwide class proposed in the FAC likely includes millions of Humana Medicare Advantage enrollees and at least one named Plaintiff for whom nH Predict was not used at all, in any capacity. Among the other members of the putative classes and subclasses, individualized proof—including per-person analysis of medical records and nH Predict outputs, and for Plaintiffs' fraud claim, proof of reliance and/or materiality—will be necessary to ascertain which, if any, individuals suffered the alleged injury or any injury at all. Those individualized issues will predominate over any common questions of fact or law, and for the same reason, Plaintiffs cannot possibly propose a damages methodology that the Court could apply on a class-wide basis.

Finally, Humana continues to believe, and preserves for appeal or future adjudication in this case, that Plaintiffs' remaining causes of action are preempted by federal law—because the conduct at issue is exclusively governed by the Medicare Act and associated federal regulations and agency guidance—and that the Court lacks subject matter jurisdiction—because Plaintiffs failed to exhaust their administrative remedies and failed to present their claims to the U.S. Secretary of Health and Human Services, as required by the Medicare Act. *See* Defendant's Motion to Dismiss the Amended Complaint (ECF No. 40) and supporting briefing (ECF Nos. 49, 68, 73, 76); Defendant's Answer and Affirmative Defenses ("Answer") (ECF No. 87). Defendant's Answer includes its other affirmative defenses to Plaintiffs' claims.

## II. SUBJECT MATTER JURISDICTION

Plaintiffs allege that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(d)(2) and 1367.

As set forth above, Defendant continues to contend and preserves for appeal and/or future adjudication in this case that this Court lacks subject matter jurisdiction over Plaintiffs' claims.

## III. DISCOVERY PLAN

### A. Rule 26(a) Initial Disclosures

The Parties propose to serve their initial disclosures by October 6, 2025. The Parties do not seek any changes to the disclosure requirements under Rule 26(a).

### B. Subjects of Discovery

Currently, one or more Parties plan to take discovery on the following topics and reserve the right to add additional material factual issues as the case progresses:

- Plaintiffs' medical conditions and medical records

- nH Predict data and outputs pertaining to Plaintiffs and putative class members

- Information pertaining to Plaintiffs' stays and services in post-acute care facilities, including coverage determinations and any related requests, disputes, appeals, and inquiries

- Plaintiffs' exhaustion of or failure to exhaust administrative remedies

- The out-of-pocket costs incurred by Plaintiffs as well as any reimbursed amounts or financial assistance and other benefits they received with respect to services provided in post-acute care facilities

- Humana's utilization, or the utilization of Humana's contractor naviHealth, of nH Predict in the context of post-acute care coverage determinations

- The role of Humana's and naviHealth's physician Medical Directors in making post-acute care coverage determinations

- The role of Humana's and naviHealth's support staff, including Skilled Inpatient Care Coordinators (SICCs) in making post-acute care coverage determinations

- Evidence regarding the scope of the putative classes Plaintiffs seek to certify and evidence necessary for the evaluation of whether a class or classes can properly be certified under Rule 23, including evidence necessary for evaluation of numerosity, commonality, typicality, adequacy, manageability, and whether injury and damages can be proven via class-wide common proof

- Plaintiffs' and putative class members' claims for post-acute care benefits and Humana's handling of those claims

- The creation, formation, and adherence to Plaintiffs' and putative class members' Evidence of Coverage documents, which Plaintiffs allege constitute contracts

- The relationship between Humana and naviHealth, Inc.

- Humana's policies and practices relating to the evaluation and adjudication of post-acute care claims

- The volume of claims processed using nH Predict and the number of denials or Notices of Medicare Non-Coverage issued in claims reviewed using nH Predict

- The expected and actual financial impact of Humana's use of naviHealth to review post-acute care claims

- Governmental or other third-party investigations into Humana's use of AI in making claims determinations

- The identities of putative class members

By listing these topics above, none of the Parties concede the relevance of the above-listed topics, nor waive their respective rights to object to discovery requests addressed to any of the above-listed topics.

### C. Discovery Schedule

The Parties jointly propose the schedule set forth in Attachment A. That schedule would culminate in the briefing of Plaintiffs' class certification motion. Until Plaintiffs' class certification motion is decided by the Court, it is difficult to fully anticipate the case's subsequent needs, including whether any additional discovery is needed. Once the Court has ruled on Plaintiffs' forthcoming class certification motion, the Parties will meet and confer and propose an amended case management plan with deadlines up to and including a trial date.[2] The Parties thus respectfully ask the Court to issue a scheduling order now setting deadlines in accordance with the proposed schedule set forth in Attachment A. The Parties' proposed schedule would ensure that discovery related to the named Plaintiffs and class certification would be complete in time to be used in connection with class certification and related briefing.

After the Parties have each served their first sets of discovery requests, the Parties shall meet and confer in an effort to agree upon deadlines for: (1) the identification of custodians and search terms responsive to the requests; (2) the presentation of disputes related to such custodians and search terms; (3) the substantial production of documents responsive to the requests; and (4) any subsequent discovery requests related to class certification, including issues relating to the

---

[2] The Parties acknowledge that the Court's Order requires the Parties to propose several post-class certification deadlines. For the reasons set forth above, the Parties believe it prudent to reassess the case's needs and propose these dates after the Court has ruled on Plaintiffs' forthcoming class certification motion. Should the Court nevertheless require the Parties to propose a schedule that includes post-class certification deadlines at this time, the Parties will confer and file an amended Rule 26(f) Report.

named Plaintiffs and the proposed classes.

The Parties will use their best efforts to refrain from serving discovery requests relating to named Plaintiffs and/or class certification issues within three (3) months of the deadline for Plaintiffs to serve their motion for class certification.

**D.    Changes to the Limitations on Discovery**

The Parties presently do not anticipate the need for any changes to the limitations on discovery set forth in the Federal Rules of Civil Procedure or the Local Rules.

**E.    Electronically Stored Information**

The Parties are aware of their duties regarding the preservation of discoverable information. The Parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f), and have represented that steps have been taken to preserve evidence relevant to this litigation. The Parties shall meet-and-confer and jointly propose an electronic discovery protocol, and submit any disputes related to that protocol, by the date set in Attachment A.

**F.    Other Orders**

The Parties agree and acknowledge that discovery in this case will involve extensive production of material containing information that is Protected Health Information ("PHI") under the Health Insurance Portability and Accountability Act ("HIPAA"), including production of PHI by third-party non-litigants. The Parties will prepare and execute a confidentiality agreement regarding the confidentiality of certain other, non-PHI information and will comply with Local Rules pertaining to sealing motions. The Parties' confidentiality agreement will also include a Federal Rule of Evidence 502(d) non-waiver stipulation to preclude the assertion of waiver of a claim of privilege based upon production in the litigation.

### G. Expert Discovery

The Parties anticipate engaging in certain expert discovery in connection with class certification briefing. Following the Court's entry of an order deciding Plaintiffs' class certification motion, the Parties will confer as to whether any additional expert analysis will be necessary. A deadline for expert disclosures related to the named Plaintiffs and class certification is set forth in Attachment A.

### H. Supplementation under Rule 26(e)

The Parties will comply with their obligations to supplement disclosures under Rule 26(e) and do not otherwise seek a Court-imposed deadline to do so.

### I. Amendment & Joinder

The dates the Parties have proposed as deadlines for Plaintiffs and Defendant to amend pleadings or join parties are set forth in Attachment A.

## IV. DISPOSITIVE MOTIONS

Defendant anticipates seeking summary judgment in its favor on all of Plaintiffs' remaining claims. Plaintiffs similarly anticipate seeking summary judgment in their favor on all of their remaining claims. Following the Court's resolution of Plaintiffs' forthcoming class certification motion, the Parties will confer regarding cutoff dates for any remaining, unfiled dispositive motions.

## V. ESTIMATE OF TIME TO FILE PRETRIAL MOTIONS

At this time, the Parties' estimate of the time necessary to file pretrial motions depends on whether one or more classes are certified in this case. Accordingly, the Parties propose that they provide this estimate after the Court has ruled on Plaintiffs' forthcoming class certification motion.

## VI. FINAL DATES TO FILE OBJECTIONS UNDER RULE 26(a)(3)

As proposed above, the Parties will propose final dates for objections pursuant to Rule 26(a)(3) after the Court has ruled on class certification.

## VII. ALTERNATIVE DISPUTE RESOLUTION

At this time, the Parties do not believe that there is a possibility of prompt settlement or resolution of the case, including through alternative dispute resolution including mediation. The Parties intend to revisit this question closer in time to the briefing of Plaintiffs' forthcoming class certification motion.

## VIII. TRIAL ESTIMATE

At this time, the Parties' estimate as to the probable length of trial depends on whether one or more classes are certified in this case. Accordingly, the Parties propose that they provide this estimate after the Court has ruled on class certification.

## IX. CONSENT TO MAGISTRATE JUDGE

The Parties do not consent to referral of this case to the United States Magistrate for all purposes.

## X. TRIAL DATE

As proposed above, the Parties will propose a trial date after the Court has ruled on Plaintiffs' forthcoming class certification motion.

Dated: September 25, 2025				Respectfully submitted,

							/s/ Michael Abate
							Michael P. Abate
							Burt Anthony Stinson
							KAPLAN JOHNSON ABATE & BIRD LLP
							710 West Main Street, 4th Floor
							Louisville, KY 40202
							Telephone: 502-416-1630
							E-mail: mabate@kaplanjohnsonlaw.com
							E-mail: cstinson@kaplanjohnsonlaw.com

							Kevin D. Feder (*pro hac vice*)
							Jason Yan (*pro hac vice*)
							Gillian Mak (*pro hac vice*)
							O'MELVENY & MYERS LLP
							1625 Eye Street NW
							Washington, DC 20006
							Telephone: 202-383-5164
							E-mail: kfeder@omm.com
							E-mail: jyan@omm.com
							E-mail: gmak@omm.com

							*Attorneys for Defendant Humana Inc.*

Dated: September 25, 2025				Respectfully submitted,

							/s/ Michael Boelter (w/ permission)
							Glenn A. Danas *(pro hac vice)*
							Ryan J. Clarkson *(pro hac vice)*
							Zarrina Ozari *(pro hac vice)*
							Michael A. Boelter *(pro hac vice)*
							CLARKSON LAW FIRM, P.C.
							22525 Pacific Coast Highway
							Malibu, CA 90265
							Telephone: 213-788-4050
							rclarkson@clarksonlawfirm.com
							gdanas@clarksonlawfirm.com
							zozari@clarksonlawfirm.com
							mboelter@clarksonlawfirm.com

							*Attorneys for Plaintiffs*

Gary Klinger
MILBERG COLEMAN PHILLIPS
GROSSMAN PLLC
227 W. Monroe Street, Suite 2100
Chicago IL  60606
Telephone: 866-252-0878
gklinger@milberg.com

*Attorneys for Plaintiffs*

## ATTACHMENT A

| EVENT | PROPOSED DATES |
|---|---|
| Deadline to add parties or amend pleadings | October 9, 2025 |
| Deadline for the Parties to agree to ESI Protocol | October 30, 2025 |
| Deadline for Plaintiffs' Class Certification Motion | June 25, 2026 |
| Deadlines for Plaintiffs' disclosure of expert written reports on all issues related to class certification (served on the same day as Plaintiffs' Class Certification Motion). Expert disclosures must contain:<br>(i) a complete statement of all certification-related opinions the witness will express and the basis and reasons for them;<br>(ii) the facts or data considered by the witness in forming them;<br>(iii) any exhibits that will be used to summarize or support them;<br>(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;<br>(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and<br>(vi) a statement of the compensation to be paid for the study and testimony in the case. | June 25, 2026 |
| Deadline for depositions of Plaintiffs' expert(s) in connection with disclosed opinions | August 20, 2026 |
| Close of discovery on all issues related to named Plaintiffs and class certification | August 20, 2026 |
| Deadline for Defendant's Opposition to Plaintiffs' Class Certification Motion | September 23, 2026 |
| Deadline for Defendant's disclosure of expert written reports on all issues related to class certification (subject to the same requirements applying to Plaintiffs' expert reports, above, and served on the same date as Defendant's Opposition to Class Certification). Expert disclosures must contain:<br>(i) a complete statement of all certification-related opinions the witness will express and the basis and reasons for them;<br>(ii) the facts or data considered by the witness in forming them;<br>(iii) any exhibits that will be used to summarize or support them; | September 23, 2026 |

| EVENT | PROPOSED DATES |
|---|---|
| (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;<br>(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and<br>(vi) a statement of the compensation to be paid for the study and testimony in the case. | |
| Deadline for depositions of Defendant's expert(s) in connection with disclosed opinions | November 20, 2026 |
| Deadline for Plaintiffs to file reply in support of Class Certification Motion | December 22, 2026 |
| Hearing on motion for class certification and expert exclusion motions (if any) | Set at Court's discretion |
| Deadline for the Parties to meet and confer regarding deadlines for activities and events subsequent to the Court's ruling on Plaintiffs' Class Certification Motion | 21 days after Court's ruling on Plaintiffs' class certification motion |
| Deadline for the Parties to file amended joint proposed case management plan proposing deadlines for activities and events subsequent to the Court's ruling on Plaintiffs' Class Certification Motion | 35 days after Court's ruling on Plaintiffs' class certification motion |

## CERTIFICATE OF SERVICE

I hereby certify that, on September 25, 2025, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

*/s/ Michael P. Abate*
Michael P. Abate

*Counsel for Defendant Humana Inc.*